# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

SUNDARI K. PRASAD,

    Plaintiff,

v.                                                                                                    Civil Action No. **3:17CV765**

**PAPER MOON/PURE PLEASURE,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Sundari K. Prasad, a Virginia inmate proceeding *pro se*, submitted this action, and at least fifty other civil actions over the prior two years. Prasad's actions have been dismissed as frivolous and malicious, or for failure to state a claim, or because she has failed to follow the directives of the Court. Prasad's many actions have strained the resources of the Court.

Litigants have an obligation to "'Stop, Think, Investigate and Research' before filing papers either to initiate a suit or to conduct the litigation." *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir. 1987). Prasad has ignored this obligation and flooded the Court with her inchoate claims for relief.

Additionally, Prasad has engaged in a consistent pattern of disregarding the directives of the Court. For example, the Court has informed Prasad that she may not tack on allegations or defendants to a complaint through partial amendments, but must file a comprehensive amended complaint. Prasad has ignored that directive. Moreover, because of the nature of her rambling complaints, it has been necessary for the Court to direct Prasad to file a particularized complaint in each action she has filed. Those particularized complaints are often no better than the original complaint. Even after filing a particularized complaint, and despite being repeatedly directed not to do so, Prasad continued to submit mere amendments to tack on claims or defendants which she may not do. As the Court has explained to Prasad *ad nauseum*, although Prasad's *pro se* status makes her "entitled to some deference," it does not relieve her of her duty to abide by the

rules and orders of this Court. *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) (citation omitted). Prasad has refused repeatedly to comply with the Court's directives. Further, many of the claims in Prasad's cases are repetitive of claims made in prior actions.

More recently, because Prasad has not liked the disposition of her actions, Prasad has begun to name the undersigned as a defendant, simply because of the adverse decision. Prasad believes that naming the undersigned as a defendant requires recusal of the undersigned. However, that is simply not the case. An unfavorable ruling fails to constitute a valid basis for recusal or a judicial bias claim. *United States v. Williamson*, 213 F. App's 235, 237–38 (4th Cir. 2007) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Rather, Prasad's addition of the undersigned as a defendant in both pending and closed civil actions is both abusive and done in bad faith. Another judge of this Court has also found that Prasad's attempt to have the undersigned recuse herself for this reason was taken in bad faith. *See Prasad v. Gothic Beauty Magazine*, No. 3:17CV446 (E.D. Va. May 4, 2018), ECF Nos. 15, 16.

By Memorandum Order entered on July 9, 2018, the Court directed Prasad, within fourteen (14) days of the date of entry thereof, to submit a certificate of compliance in order to assist in monitoring Prasad's repetitious and multiplicitous litigation. The Court warned Prasad that the failure to submit an appropriate certificate of compliance would result in the summary dismissal of this action.

More than fourteen (14) days have elapsed since the entry of the July 9, 2018 Memorandum Order and Prasad has not responded. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate order will accompany this Memorandum Opinion.

/s/ M. Hannah Lauck
United States District Judge

Date: AUG 23 2018
Richmond, Virginia

2